# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHEIKH HOWARD GWINGUE,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| v. : | No. 5:18-cv-00001-MTT-CHW |
| : | |
| **WARDEN,** : | |
| : | |
| : | |
| **Respondent.** : | |

## ORDER

Petitioner Cheikh Howard Gwingue, currently confined at Valdosta State Prison, has filed an application for federal habeas corpus relief under 28 U.S.C. § 2254, challenging his October 21, 2016, judgment of conviction in the Superior Court of Houston County, Georgia. *See* Pet., ECF No. 1. Petitioner failed to pay the $5.00 filing fee applicable to habeas actions and did not otherwise seek to proceed without prepayment of that filing fee. Accordingly, On March 2, 2018, the Magistrate Judge issued an order affording Plaintiff twenty-one days in which to either pay the fee or submit a properly completed motion to proceed in forma pauperis. *See* Order, ECF No. 3. That Order advised Petitioner that failure to timely and fully comply could result in the dismissal of his Petition and directed the Clerk of Court to provide Petitioner with a copy of the Court's standard in forma pauperis application and forms. *Id*. at 2.

When the deadline for compliance passed without response from Petitioner, the Magistrate Judge ordered Petitioner to show cause why this action should not be dismissed due to Petitioner's failure to comply. *See* Order to Respond and Show Cause, ECF No. 4. The Show Cause Order again advised Petitioner that failure to timely comply would result in the dismissal of this action. *Id.* at 2. As of today's date, the twenty-one (21) day deadline to show cause has passed without response from Petitioner, and Petitioner has not had contact with this Court since he initially filed his Petition. In that time, Petitioner has failed to respond to multiple Orders of the Court. It, therefore, appears that Petitioner no longer wishes to pursue this action at this time.[1] For these reasons, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 30thday of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Review of the Court's own records reveals that Petitioner has a second application for writ of habeas corpus pending before this Court. *See Gwingue v. Blakely*, 5:18-cv-00015 (M.D. Ga.). Petitioner challenges the same underlying conviction in both habeas actions. The instant action is, therefore, subject to dismissal as duplicative. The Court further notes that Petitioner was recently afforded an opportunity to amend his Petition in 5:18-cv-00015.